**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MELINA RAZAVI,<br><br>        Plaintiff,<br><br>    v.<br><br>BENDORF DRIVE APARTMENTS, et al.,<br><br>        Defendants. | Case No. 17-cv-07304-BLF<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**<br><br>[Re: ECF 31] |

Before the Court is Defendants' Motion to Declare Plaintiff a Vexatious Litigant ("Motion"). ECF 31; *see also* Memorandum in support of Motion ("Memorandum"), ECF 31-1. Specifically, Defendants request that the Court (1) declare Plaintiff a vexatious litigant; (2) require Plaintiff to post security in the sum of $5,000.00 before further prosecuting this case; and (3) order Plaintiff to take no further action to prosecute this case unless and until Plaintiff obtains permission from the Court via formal noticed motion. *See* Memorandum at 9–10, ECF 31-1. Plaintiff opposes the Motion. Opp'n, ECF 32. For the reasons stated below, Defendants' Motion to Declare Plaintiff a Vexatious Litigant is DENIED.

**I.    BACKGROUND**

On March 19, 2018, pro se Plaintiff Melina Razavi ("Plaintiff" or "Razavi") filed her First Amended Complaint ("FAC") in this action, alleging violation of the Americans with Disabilities Act, Federal Fair Housing Amendments, California Fair Employment and Housing Act, California Unruh Civil Rights Act, and Civil Code 1942.4, as well as negligence, breach of the implied warranty of habitability, intentional infliction of emotional distress, negligent infliction of emotional distress, and nuisance. *See generally* FAC, ECF 8.

Plaintiff leases an apartment from Defendant Bendorf Drive Apartments, LP ("Bendorf")

1  at 282 Danze Drive in San Jose, CA. FAC ¶ 6. Plaintiff's apartment complex is a low-income
2  housing project operated by Defendant Santa Clara County Housing Authority ("Housing
3  Authority"). FAC ¶ 6; Memorandum at 1. Plaintiff "is disabled and/or handicapped." FAC ¶ 7.
4  Among other allegations, Plaintiff alleges that Bendorf and the Housing Authority (collectively,
5  "Defendants") have failed to cure habitability defects, refused to accommodate her disability, and
6  are responsible for verbal and physical abuse, and a dog bite, she claims to have suffered. *See*
7  FAC ¶¶ 9–29.

In 2016, Plaintiff sued Defendants for negligence and violation of the Americans with Disabilities Act in a separate action, *Razavi v. Bendorf Drive Apartments*, No. 5:16-cv-01388-BLF. That action settled and was dismissed by this Court with prejudice on August 29, 2017. *See* ECF 51 in case No. 5:16-cv-01388-BLF.

On August 30, 2011, Plaintiff was designated a "vexatious litigant" in California State Court. *See Razavi v. Evergreen School District*, Superior Court of California, County of Santa Clara, No. 1-09-cv-132622, available at Ex. D to ECF 31-2. As of July 2, 2018, Plaintiff remained on the "Vexatious Litigant List" prepared and maintained by the Judicial Council of California. *See* Ex. E to ECF 31-2.

## II. LEGAL STANDARD

### A. Vexatious Litigant Standard

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. However, such pre-filing orders are an extreme remedy that should rarely be used. Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). At the same time, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

The Ninth Circuit has adopted a four-factor test to determine whether a pre-filing review order is warranted. Specifically, "[a] pre-filing review order is appropriate if (1) the plaintiff is

given adequate notice and an opportunity to oppose the order; (2) the Court compiles an adequate record for review; (3) the Court makes substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order is narrowly tailored 'to closely fit the specific vice encountered.'" *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1055 (N.D. Cal. 2012) *aff'd*, 520 F. App'x 534 (9th Cir. 2013) (quoting *Molski*, 500 F.3d at 1057).

### B. Requests for Judicial Notice

The Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record. *See Lee v. City of LA.*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

## III. DISCUSSION

### A. Defendants' Request for Judicial Notice

Defendants request the Court take judicial notice of the Vexatious Litigant List from Pre-filing Orders Received from California Courts, Prepared and Maintained by the Administrative Office of the Courts. Ex. E to ECF 31-2. Plaintiff does not object. The Court grants this request. Defendants also request judicial notice of various filings and orders in state and federal court proceedings involving Plaintiff. *See generally* ECF 31-2. Because these are court documents properly subject to judicial notice, the Court grants this request. In sum, the Court hereby GRANTS Defendants' Request for Judicial Notice at ECF 31-2.

### B. Defendants' Motion to Declare Plaintiff a Vexatious Litigant

For the Court to declare Plaintiff a vexatious litigant, all four factors must be met—(1)

3

United States District Court
Northern District of California

notice and opportunity to be heard; (2) an "adequate record for review," which includes a listing of "all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) substantive findings as to the frivolous or harassing nature of the plaintiff's litigation; and (4) an order narrowly tailored to closely fit the specific vice encountered. *De Long*, 912 F.2d at 1147–48 (internal citations omitted); *see also Molski*, 500 F.3d at 1061.

Here, Defendants argue that all four factors weigh in Defendants' favor. *See* Memorandum at 6–10, ECF 31-1. Plaintiff counters there is "insufficient evidence to support Defendants' motion," that Plaintiff "has a meritorious action in this case," and that "Defendants' requested relief is over-broad." *See* Opp'n at 6–9, ECF 32. The Court finds that Defendants have failed to show that Plaintiff's litigation activities in the present action (or in general since 2011[1]) are completely without merit. Thus, the Court does not find that an order declaring Plaintiff a vexatious litigant is warranted based on the record before the Court. Each of the four factors are addressed in turn.

### 1. Notice and Opportunity to be Heard

Plaintiff was given adequate notice because Defendants filed the motion to declare Plaintiff a vexatious litigant, and Plaintiff filed opposition to the motion. *See generally* Opp'n, ECF 32. Thus, this factor weighs in favor of Defendants.

### 2. Adequate Record for Review

To establish an adequate record of frivolous litigation, "[a]t the least, the record needs to show, in some manner, that the litigant's activities were *numerous or abusive*." *De Long*, 912 F.2d at 1148 (emphasis added). In *De Long*, the Ninth Circuit noted that the "numerous or abusive" standard was met in one case where "50 frivolous cases" were filed, and in another where "600 complaints" were filed. *See id.* at 1147.

Here, Defendants have provided a list of 36 lawsuits filed by Plaintiff against various parties from 2004 to 2018 in both state and federal court. *See* Memorandum at 6–8, ECF 31-1; *see also* Defendants' Request for Judicial Notice, ECF 31-2. Defendants also emphasize that

---

[1] I.e. after Plaintiff was declared a vexatious litigant in California state court.

4

"Plaintiff was designated a vexatious litigant in California State Court" in 2011. *See* Memorandum at 8, *see also See Razavi v. Evergreen School District*, Superior Court of California, County of Santa Clara, No. 1-09-cv-132622, available at Ex. D to ECF 31-2. Plaintiff acknowledges the Superior Court's vexatious litigant order against her, and notes that in the intervening seven years, she has filed "just five (5) lawsuits with the Santa Clara Superior Court," and "ten (10) actions" with this District. *See* Opp'n at 3.

"An injunction cannot issue merely upon a showing of litigiousness." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). Instead, "[t]he plaintiff's claims must not only be numerous, but also be patently without merit." *Id.* The Court takes Plaintiff's designation as a "vexatious litigant" by the Superior Court very seriously, and Plaintiff's numerous lawsuits are potentially troubling. However, the Court also considers Plaintiff's statement that "[Plaintiff's] litigation activity before 2011 was very different from that which came later." Opp'n at 7. Indeed, a majority of the 36 suits cited by Defendants were filed from 2004 to 2011, prior to Plaintiff being designated as a vexatious litigant in state court.

Moreover, Defendants rely on the conclusory argument that "[f]iling fifteen (15) lawsuits since being declared a vexatious litigant in California state court is a clear demonstration of the harassing and frivolous nature of [] Plaintiff's actions." Memorandum at 3. To the contrary, it is not the number of lawsuits that controls, but whether the suits are "patently without merit." *Moy*, 906 F.2d at 470. And here, Defendants admit that Plaintiff has settled "three (3) of her Federal lawsuits, including a settlement with Defendants in the prior 2016 action," Reply at 3, ECF 33, which indicates that those suits were not "patently without merit," *Moy*, 906 F.2d at 470. Although Defendants (correctly) point out that many of Plaintiff's federal cases have been dismissed, and that at least one action was considered "almost certainly frivolous," *see Razavi v. Schlucter*, No. 4:15-cv-04353-KAW, available at Ex. S to ECF 31-2, the Court does not find an adequate record indicating that Plaintiff's "activities [are] sufficiently numerous or abusive" to warrant a pre-filing order at this time. *See Smith v. Phoenix Techs., Ltd.*, 2011 WL 5444700, at *8 (N.D. Cal. Nov. 9, 2011) (citing *De Long*, 912 F.2d at 1148) (denying defendant's motion to declare plaintiff a vexatious litigant and declining to issue a pre-filing injunction).

### 3. Substantive Findings as to Frivolous or Harassing Nature of Plaintiff's Litigation

Absent "explicit substantive findings as to the frivolous or harassing nature of the plaintiff's filing," a district court may not issue a pre-filing order. *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990). Defendants argue that Plaintiff's present suit is frivolous, because it concerns "similar causes of action [as the 2016 action against Defendants], despite a stipulation dismissing Plaintiff's initial lawsuit with prejudice." Memorandum at 9. Plaintiff counters that the settlement between the parties arising out of the 2016 action "includ[es] a carve-out for the claims that [Plaintiff] is litigating in this case." Opp'n at 7. Defendants respond that "Plaintiff misrepresents the substance of the settlement agreement" and that "a review of the agreement does not contain any language reserving Plaintiff's claims regarding Defendants' alleged refusal to move her to a quieter unit." Reply at 2, ECF 33.

However, the Court's review of the settlement agreement reveals that Plaintiff's complaint (ECF 8) in the present action contains numerous factual allegations and cause of action not present in the settlement agreement or Plaintiff's complaint in the 2016 action. Indeed, the settlement agreement was directed "only to the specific facts alleged in the . . . INCIDENT or the SUBJECT ACTION," *see* Settlement Agreement § 2.2, ECF 32-2, and the incident and subject action primarily concerned Plaintiff's allegation of injuries when her foot (and toes) "struck a bag of rocks/gravel that was used to stabilize a fence situated on the walkway," *see id.* § 1.1. By contrast, Plaintiff now alleges—for example—that Defendants are responsible for verbal and physical abuse, and a dog bite, she claims to have suffered. *See* FAC ¶¶ 9–29, ECF 8. To the extent Plaintiff's current complaint and complaint in the 2016 action are similar, "mere textual and factual similarity of multiple complaints" is insufficient for finding a party to be a vexatious litigant. *See Smith*, 2011 WL 5444700, at *8 (citing *Molski*, 500 F.3d at 1061).

The Court is extremely concerned by Plaintiff's litigation activity and high rate of dismissal since 2011, and does take into account Plaintiff's pre-2011 litigation activity resulting in the Superior Court declaring Plaintiff a vexatious litigant. However, Plaintiff's current complaint is at least not frivolous based on the grounds raised by Defendants. Although a close call, the Court is not prepared at this juncture to label Plaintiff a vexatious litigant based on the current

record before the Court.

### 4. Narrowly Tailored Order

Having found that Defendants have not adequately shown factors (2) or (3), the Court need not and does not reach factor (4) whether the requested order is narrowly tailored to closely fit the specific vice encountered.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Declare Plaintiff a Vexatious Litigant is DENIED.

**IT IS SO ORDERED.**

Dated: November 2, 2018

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge