# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MELINA RAZAVI,<br>　　　　Plaintiff,<br>　　v.<br>BENDORF DRIVE APARTMENTS, et al.,<br>　　　　Defendants. | Case No. 17-cv-07304-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND; DISMISSING FEDERAL CLAIMS WITH PREJUDICE; DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE**<br><br>[Re: ECF 17] |

Presently before the Court is Defendants Santa Clara County Housing Authority and Bendorf Apartments, LP's motion to dismiss pro se Plaintiff Melina Razavi's first amended complaint in this action. *See* ECF 17; Memo., ECF 18. Because res judicata bars Plaintiff's federal claims and the Court declines to exercise supplemental jurisdiction over the remaining state law claims, as discussed below, Defendants' motion is GRANTED WITHOUT LEAVE TO AMEND; the federal claims are DISMISSED WITH PREJUDICE, and the state law claims are DISMISSED WITHOUT PREJUDICE to Razavi's bringing them in state court.

## I. BACKGROUND

On March 19, 2018, pro se Plaintiff Melina Razavi ("Plaintiff" or "Razavi") filed her First Amended Complaint ("FAC") in this action, alleging violation of the Americans with Disabilities Act ("ADA"), Federal Fair Housing Amendments ("FFHA"), California Fair Employment and Housing Act, California Unruh Civil Rights Act, and California Civil Code 1942.4, as well as negligence, breach of the implied warranty of habitability, intentional infliction of emotional distress, negligent infliction of emotional distress, and nuisance. *See generally* FAC, ECF 8.

Plaintiff leases an apartment from Defendant Bendorf Drive Apartments, LP ("Bendorf")

at 282 Danze Drive in San Jose, CA. FAC ¶ 6. Plaintiff's apartment complex is a low-income housing project operated by Defendant Santa Clara County Housing Authority ("Housing Authority"). FAC ¶ 6. Plaintiff "is disabled and/or handicapped." FAC ¶ 7. Among other allegations, Plaintiff alleges that Bendorf and the Housing Authority (collectively, "Defendants") have failed to cure habitability defects, refused to accommodate her disability, and are responsible for verbal and physical abuse and injuries she suffered from a dog bite. *See* FAC ¶¶ 9–29. With respect to her ADA and FFHA claims, Razavi alleges that her neighbors are a nuisance and have harassed and abused her, causing her injury and forcing her to "flee the premises due to the noise and habitability issues." FAC ¶ 35 (emphasis omitted). Based on these issues, Razavi "submitted reasonable accommodation requests to Defendants asking that Defendants transfer [her] to another facility" so she could have an "equal opportunity to use and enjoy the premises." FAC ¶ 36 (emphasis omitted); *see also* FAC ¶¶ 20–24. Defendants did not move her. FAC ¶¶ 37–40. Her FFHA claims are based on the same allegations. FAC ¶¶ 47, 50.

In 2016, Razavi sued Defendants for negligence and violation of the ADA in a separate action, *Razavi v. Bendorf Drive Apartments*, No. 5:16-cv-01388-BLF ("Previous Action").[1] In that action, the gravamen of the allegations in the first amended complaint ("Previous FAC") centered on injuries Razavi suffered to her toes and left foot when she ran into a sandbag Defendants had left in the middle of a sidewalk at her apartment complex. *See, e.g.*, Def. Req. for Judicial Not. ("RJN"), Ex B ("Prev. FAC") ¶¶ 10–14, ECF 19. However, Razavi also alleged that "Defendants also refused to accommodate Plaintiff's disabilities by refusing to offer her an apartment on the quiet side of the complex" causing her to "suffer[] sleep disruptions and other illnesses due to their refusal to accommodate." Prev. FAC ¶ 15. In the same allegation, she notes that "Defendants' refusal to accommodate" made sleeping impossible "mainly due to noise violations, harassments, abuse and other violations." Prev. FAC ¶ 15. These allegations were incorporated into her ADA claim. Prev. FAC ¶¶ 32, 37.

---

[1] The Court may take judicial notice of the filings in the Previous Action because they are undisputed matters of public record. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

2

1    The Previous Action settled and was dismissed by this Court with prejudice on August 29, 2017. *See* RJN, Ex C. The settlement agreement states that Razavi agreed to release Defendants "from all claims, known or unknown, that Plaintiff had arising out of the incident or the subject action," and the release "extend[ed] only to the specific facts alleged in the subject action." Decl. of Melina Razavi, Ex. A ("Settlement Agreement") ¶ 2.2, ECF 26.[2] The incident is defined as the incident in which she injured her foot by running into the sand bag, while the subject action is defined as *Razavi v. Bendorf Drive Apartments*, No. 5:16-cv-01388-BLF, the Previous Action. *Id.* ¶ 1.1.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

In their motion to dismiss, Defendants argue that Plaintiff's federal law claims should be dismissed with prejudice because they are barred by res judicata. *See generally* Memo. In addition, Defendants ask the Court to decline to exercise supplemental jurisdiction over the state law claims. The Court agrees that Plaintiff's federal law claims are barred by res judicata and declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

---

[2] Plaintiff asks the Court to consider the terms of the Settlement Agreement in its decision. Opp. at 4, ECF 25. Defendants do not oppose this request. Reply at 2, ECF 29.

3

"The doctrine of res judicata provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979)). Under Federal Rule of Civil Procedure 8(c), res judicata may be raised as an affirmative defense in response to a pleading. To establish the defense of res judicata, a party must prove three elements: "(1) an identity of claims, (2) a final judgment on the merits, and (3) [identity or] privity between parties." *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003); *see also Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971). Although res judicata is a defense, a party may assert it in a motion to dismiss where "the defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

All three requirements for res judicata are met here. First, there is an identity of claims. "Identity of claims exists when two suits arise from 'the same transactional nucleus of facts.'" *Tahoe*, 322 F.3d at 1078 (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002)). Even where the second action may raise new claims, "[n]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.* In addition to determining whether the suits share the same nucleus of facts, courts also look to the following three factors in determining identity of claims: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; [and] (3) whether the two suits involve infringement of the same right." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017) (quoting *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012)). However, the nucleus of facts criterion is "the most important." *Harris*, 682 F.3d at 1132.

Razavi's claims here arise out of the same transactional nucleus of facts. Though Razavi's Previous FAC centered on the injuries she suffered to her toes and foot, she also plainly alleged that Defendants had failed to accommodate her "by refusing to offer her an apartment on the quiet side of the complex" and failing to remedy the "noise violations, harassments, abuse and other violations." Prev. FAC ¶ 15. These allegations were incorporated into her ADA claim. These

4

same allegations form the sole basis for her ADA and FFHA claims in this case. Namely, she alleges that Defendants failed to accommodate her by declining to move her away from her noisy, abusive, harassing neighbors. FAC ¶¶ 35 –36. Though she did not bring a FFHA claim in her first action, such claims could have been brought in the earlier action based on these same allegations. Plaintiff's argument to the contrary is unavailing. Opp. at 5. Because the claim is underpinned by the same nucleus of facts, she should have brought her FFHA claim in the Previous Action. Thus, given the similarity between the allegations, the Court finds an identity of claims.

As to the second criteria for res judicata, the Previous Action was dismissed with prejudice, which constitutes a final judgment on the merits. Plaintiff argues that res judicata does not apply because the Settlement Agreement in the Previous Action released her claims only as to the incident during which she injured her toes and foot. *See* Opp. at 4. This is incorrect. The Settlement Agreement by its plain terms released Razavi's claims as to both the "incident" (leading to her toe and foot injuries) *and* the "subject action" (*i.e.*, the Previous Action). Settlement Agreement ¶ 2.2. Likewise, the Court's dismissal of the Previous Action with prejudice serves as a prior judgment on the claims in that actions and any claims based on the same nucleus of facts that she could have brought in that action. For these reasons, there was a final judgment on the merits in the Previous Action as to these claims.

Third, and finally, the parties in the actions are identical. Plaintiff does not dispute this fact.

Accordingly, Plaintiff's federal claims are barred by res judicata. Because amendment would be futile, these claims are dismissed with prejudice. Having dismissed each of Plaintiff's federal claims with prejudice, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims under state law. *See* 28 U.S.C. § 1367 ("The district courts may decline to exercise supplemental jurisdiction over a claim [brought under supplemental jurisdiction] if . . . the district court has dismissed all claims over which it has original jurisdiction.")

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED, the federal claims are DISMISSED WITH PREJUDICE, and the state law claims are DISMISSED WITHOUT PREJUDICE to Razavi's bringing them in state court.

**IT IS SO ORDERED.**

Dated: January 15, 2019

_____
BETH LABSON FREEMAN
United States District Judge